IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ARCZAR LLC AND GEOVECTOR CORPORATION,<br><br>            Plaintiffs,<br><br>    v.<br><br>SONY COMPUTER ENTERTAINMENT AMERICA LLC,<br><br>            Defendant. | Case No. 2:12-cv-787 |

**DEFENDANT SONY COMPUTER ENTERTAINMENT AMERICA LLC'S MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF ITS MOTION TO TRANSFER**

**I.    INTRODUCTION**

On April 5, 2013, Defendant Sony Computer Entertainment America LLC ("SCEA") filed a motion to transfer this case to the United States District Court for the Northern District of California.  (Dkt. No. 18.)  Within the last several months, the Federal Circuit issued two non-precedential decisions stating that a motion to transfer should be addressed at the outset of litigation and that district court proceedings should be stayed pending disposition of the transfer motion.  *See In re EMC Corp.*, No. 13-142, 2013 WL 324154, at *2 (Fed. Cir. Jan. 29, 2013); *In re Fusion-IO, Inc.*, No. 12-139, 489 Fed. Appx. 465, 466 (Fed. Cir. Dec. 21, 2012).  Consistent with the Federal Circuit's guidance in *In re EMC Corp.* and *In re Fusion-IO, Inc.*, SCEA respectfully requests that the Court stay all proceedings in this case pending resolution of SCEA's motion to transfer.

**II.    PROCEDURAL BACKGROUND**

On December 10, 2012, Plaintiff Arczar LLC filed this lawsuit against SCEA alleging infringement of United States Patent Nos. 6,037,936; 7,916,138; 5,682,332; 6,031,545; and

5524017 v1

7,301,536 (the "Patents-in-Suit").[1]  On March 4, 2013, Plaintiffs Arczar LLC and Geovector Corporation ("Plaintiffs") filed an Amended Complaint.  (Dkt. No. 9.)  On April 5, 2013, SCEA moved to transfer this case to the Northern District of California.  (Dkt. No. 18.)  This case is in its early stages.  SCEA has not responded to Plaintiffs' Amended Complaint, and the Court has not set a Scheduling Conference or a trial date for this case.

### III.   LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  District courts in the Fifth Circuit consider the following factors when evaluating a request to stay pending resolution of a transfer motion: (1) the potential prejudice to the Plaintiff from a brief stay; (2) the hardship to the Defendant if the stay is denied; and (3) the judicial efficiency in avoiding duplicative litigation.  *See Nguyen v. BP Exploration & Prod. Inc.*, No. H-10-2484, 2010 WL 3169316, at *1 (S.D. Tex. Aug. 9, 2010) (granting motion to stay pending resolution of transfer motion); *Esquivel v. BP Co. N. Am.*, No. B-10-237, 2010 WL 4255911, at *3 (S.D. Tex. Oct. 14, 2010) (same).

The Federal Circuit's recent non-precedential opinion in *In re Fusion-IO, Inc.* counsels toward staying all substantive proceedings in this case pending resolution of SCEA's motion to transfer.  In the *Fusion-IO* case, plaintiff Solid State Storage sued defendant Fusion-IO and others for patent infringement in the United States District Court for the Eastern District of Texas.  Fusion-IO moved to sever the claims against it and transfer those claims to the District of

---

[1] Arczar LLC has filed five other lawsuits in this District alleging infringement of at least United States Patent No. 6,037,936.  In particular, Arczar filed an action against Yelp, Inc., Case No. 2:12-cv-00639, on October 4, 2012, and on December 10, 2012, Arczar filed four additional actions against Hasbro, Inc., Case No. 2:12-cv-00784; two IKEA entities, Case No. 2:12-cv-00785; ZipRealty, Inc., Case No. 2:12-cv-00788; and Nintendo of America Inc., Case No. 2:12-cv-00786 (alleging infringement of United States Patent Nos. 6,037,936 and 7,916,138).

Utah. *In re Fusion-IO, Inc.*, No. 12-139, 489 Fed. Appx. at 466. The district court in *Fusion-IO* granted the motion to sever and consolidated the action against Fusion-IO with the originally-filed action for pre-trial proceedings. *Id*. Without addressing the merits of Fusion-IO's transfer motion, the district court in *Fusion I-O* denied it without prejudice to re-filing the same motion in the originally-filed case. *Id*. Fusion-IO then moved for reconsideration of its motion to transfer, but the district court denied that motion again without addressing the merits, indicating that it was an administrative motion and that the court would address Fusion-IO's motion to transfer in a timely matter. *Id*. Fusion-IO subsequently sought a writ of mandamus from the Federal Circuit directing the district court to transfer the case to the District of Utah.

The Federal Circuit denied Fusion-IO's writ of mandamus, but importantly stated:

> We fully expect, however, for Fusion-IO to promptly request transfer in the lead case ***along with a motion to stay proceedings pending disposition of the transfer motion, and for the district court to act on those motions before proceeding to any motion on the merits of the action.*** See In re Horseshoe Entm't, 337 F.3d 429, 433 (5th Cir. 2003) ("As indicated earlier, Horseshoe filed its motion to transfer timely and before it filed its answer and in our view disposition of that motion should have taken a top priority in the handling of this case[.]"); *McDonnel Douglas Corp. v. Polin*, 429 F.2d 30, 30-31 (3d Cir. 1970) ("[I]t is not proper to postpone consideration of the application for transfer under § 1404(a) until discovery on the merits is completed, since it is irrelevant to the determination of the preliminary question of transfer.").

*Id*. (emphasis added). Following the Federal Circuit's guidance, Fusion-IO promptly filed an emergency motion to stay proceedings pending resolution of its renewed motion to transfer, which the district court granted. *Solid State Storage Solutions, Inc. v. STEC, Inc.*, No. 2:11-cv-00391-JRG-RSP, Dkt. No. 292, slip op. at 1 (E.D. Tex. Jan. 3, 2013) (Payne, J.) (attached hereto as Exhibit 1). Other district courts have granted similar motions to stay pending resolution of transfer motions in the wake of *Fusion-IO*. *See, e.g., Acceleron, LLC v. Dell Inc.*, No. 1:12-cv-

3

4123, Dkt. No. 30 (N.D. Ga. Mar. 18, 2013) (granting stay, citing *Fusion-IO*) (attached hereto as Exhibit 2); *One StockDuq Holdings, LLC v. Becton, Dickinson & Co.*, No. 12-cv-03037, Dkt. No. 25 (W.D. Tenn. Feb. 13, 2013) (same) (attached hereto as Exhibit 3); *B.E. Tech., LLC v. Sony Computer Entm't Am., LLC*, No. 12-cv-02826, 2013 WL 524893 (W.D. Tenn. Feb. 11, 2013) (same).

Likewise, in *In re EMC Corp.*, the petitioners sought a writ of mandamus directing the United States District Court for the Eastern District of Texas to transfer the actions to various transferee venues that they alleged were clearly more convenient. The Federal Circuit denied the writ of mandamus, but – for the second time in six weeks – emphasized the importance of addressing transfer motions as "a top priority" in case management:

> *This case is a prime example of the importance of addressing motions to transfer at the outset of litigation*. As the Fifth Circuit stated in *In re Horseshoe Entm't*, "in our view disposition of [a] motion [to transfer] should have taken *a top priority* in the handling of this case by the ... District Court." 337 F.3d 429, 433 (5th Cir. 2003). Congress' intent "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense," *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal quotation marks omitted), may be thwarted where, as here, defendants must partake in years of litigation prior to a determination on a transfer motion.

*In re EMC Corp.*, 2013 WL 324154, at *2 (emphasis added) (footnote omitted). According to the Federal Circuit, a timely disposition of a transfer motion, and a stay of proceedings until such disposition, will serve to prevent the waste of resources and to protect against unnecessary inconvenience and expense. *Id.*

**IV.   A STAY PENDING SCEA'S MOTION TO TRANSFER IS APPROPRIATE**

Here, SCEA respectfully requests that the Court exercise its inherent power to stay all other proceedings in this case pending disposition of SCEA's motion to transfer, consistent with the opinions of the Federal Circuit in *In re EMC Corp*. and *In re Fusion-IO* and the established

4

Supreme Court authority set forth in *Landis*. All three of the factors that courts consider when evaluating a request to stay pending resolution of a transfer motion weigh in favor of staying the proceedings here, especially in light of the Federal Circuit's guidance in *In re EMC Corp.* and *In re Fusion-IO*. In other words, there is a low potential for prejudice to Plaintiffs from a brief stay, the hardship to SCEA is great if the stay is denied, and there is judicial efficiency in avoiding duplicative litigation if the stay is granted while the transfer motion is pending.

### A.   A Stay Does Not Prejudice Plaintiffs

This case is in its very early stages, and a stay pending resolution of SCEA's motion to transfer does not unduly prejudice Plaintiffs. SCEA has not responded to Plaintiffs' Amended Complaint, and the Court has not set a Scheduling Conference or a trial date for this case. To the contrary, a stay potentially benefits Plaintiffs as it may prevent Plaintiffs from having to litigate issues in this Court and then again in another court if the case is transferred. As such, this first factor counsels toward granting a stay.

### B.   SCEA Will Suffer Prejudice if a Stay Is Denied

Proceeding with this case before ruling on SCEA's motion to transfer conflicts with the Federal Circuit's guidance in *In re EMC Corp.* and *In re Fusion-IO*. It also risks subjecting SCEA to duplicative litigation in two forums, along with the associated costs, if this case proceeds to discovery before the transfer motion is resolved. This factor therefore favors a stay.

### C.   A Stay Promotes Judicial Efficiency and Avoids Duplicative Litigation

A stay also promotes judicial efficiency and avoids the possibility of duplicative litigation. If the Court sets a scheduling order and begins the claim construction process before ruling on SCEA's transfer motion, there is a risk that another district court will have to revisit these same issues. Thus, this factor also favors a stay.

## V. CONCLUSION

For the above reasons, SCEA respectfully requests the Court order a stay of all other proceedings pending resolution of SCEA's motion to transfer.

Dated:  April 5, 2013

                                              Respectfully Submitted,

                                              By     /s/   Jonathan N. Zerger_____
                                                  B. Trent Webb
                                                  Jonathan N. Zerger
                                                  Beth A. Larigan
                                                  Albert F. Harris, III
                                                  Lynn C. Herndon
                                                  SHOOK, HARDY & BACON L.L.P.
                                                  2555 Grand Blvd.
                                                  Kansas City, MO  64108
                                                  Telephone:  (816) 474-4550
                                                  Facsimile:  (816) 421-5547
                                                  bwebb@shb.com
                                                  jzerger@shb.com
                                                  blarigan@shb.com
                                                  afharris@shb.com
                                                  lherndon@shb.com

                                                  Robert H. Reckers
                                                  SHOOK HARDY & BACON LLP
                                                  600 Travis Street
                                                  Suite 3400
                                                  Houston, TX  77002-2926
                                                  (713) 227-8008
                                                  rreckers@shb.com

                                                  ***ATTORNEYS FOR DEFENDANT SONY COMPUTER ENTERTAINMENT AMERICA LLC***

5524017 v1

**CERTIFICATE OF CONFERENCE**

This is to certify that counsel for SCEA spoke with counsel for Plaintiffs Geovector Corporation and Arczar LLC on March 14, 2013, in compliance with LR CV-7(h).  Counsel for Plaintiffs has indicated that the Motion is opposed.

/s/  Jonathan N. Zerger

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on the 5th day of April, 2013.

/s/  Jonathan N. Zerger